# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE JOE BURGESS, Inmate #B80692, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )     CIVIL NO. 04-960-MJR <br> ) |
| ROGER WALKER, STEVE BIBY, GLEN JACKSON, and JOHN EVANS, | ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the Pinckneyville Correctional Center,[1] seeks, pursuant to 28 U.S.C. § 2201, a declaratory judgment as to the length of his sentence as imposed by Illinois state courts and administered by the Illinois Department of Corrections ("IDOC"). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1]The Illinois Department of Corrections informed the Court (Doc. 6) that Plaintiff was released from state custody on May 11, 2005.

> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such
> relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### FACTUAL ALLEGATIONS

Plaintiff requests that the Court order the IDOC to release him from custody, arguing that they and Illinois Attorney General improperly altered the Illinois circuit court's sentencing order, thereby requiring him to serve additional time over and above the court-imposed sentence.

Without expressing any opinion on the merits of Plaintiff's claims for relief, the Court finds that the petition for declaratory judgment must be dismissed.  Challenges to a state criminal sentence may be heard by a federal court ***only*** in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) ("a prisoner challenging the fact or duration of his confinement must seek habeas corpus relief").  A habeas petitioner must first exhaust his available state court remedies.

> Federal law requires that state prisoners give state courts a fair
> opportunity to act on their claims before bringing habeas claims in
> federal court.  *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v.*
> *Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1
> (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).  The
> requirement that state courts have the first opportunity to cure a claim
> of continued confinement in an unconstitutional fashion stems from

> the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639 , 644-45 (7th Cir. 2000). Declaratory judgment is not the proper avenue for seeking release from custody. Accordingly, this action is **DISMISSED** without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**IT IS SO ORDERED.**

**DATED this 5th day of September, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

-3-